IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| THE EASY LIFE, LLC,<br><br>                 Plaintiff,<br>v.<br><br>GO DADDY OPERATING COMPANY, LLC,<br><br>                 Defendant. | Case No.<br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff The Easy Life, LLC ("Plaintiff"), through its attorneys, complains as follows against Defendant Go Daddy Operating Company, LLC ("Defendant").

### NATURE OF THE ACTION

1. This is a complaint seeking redress of violations of trademark infringement and unfair competition under federal and state law.

### JURISDICTION AND VENUE

2. This Court has jurisdiction (i) over Plaintiff's federal trademark infringement and unfair competition claims under 15 U.S.C. §1121(a) and 28 U.S.C. §§1331 and 1338(a); and (ii) over Plaintiff's state trademark and unfair competition claims under 28 U.S.C. §§ 1338(b) and 1367.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because a substantial portion of the events giving rise to the claims occurred in this District, a substantial part of the property that is the subject of the action is located here, and Defendant is doing business in this District.

## THE PARTIES

4. Plaintiff The Easy Life, LLC d/b/a GoWeb1 is an Illinois limited liability company with its principal place of business located in Springfield, Illinois.

5. On information and belief, Defendant Go Daddy Operating Company, LLC is a Delaware limited liability company with its principal place of business located in Scottsdale, Arizona.

## BACKGROUND FACTS

6. Plaintiff is in the business of, among other things, the design, creation, hosting and maintenance of websites for others, graphic design services, parking of domain name for others, domain name search services and domain name registration services ("Plaintiff's Services").

7. Plaintiff has done business as "GoWeb1" since its formation. Playing off its name, GoWeb1, in 2011, Plaintiff developed the IT'S GO TIME mark to market and promote its services. Beginning in October 2011, Plaintiff began using the IT'S GO TIME mark on its website (the main platform that Plaintiff's customers see), newsletters, invoices, marketing materials and the like. Plaintiff has continuously and nationally used the IT'S GO TIME mark in connection with its services since October 2011.

8. Plaintiff has expended substantial resources to promote the IT'S GO TIME mark to the trade and relevant consuming public, and it has used the IT'S GO TIME mark in providing its services and in promotional and marketing materials in this District, in Illinois and in other states throughout the nation. Through its extensive and exclusive use of the IT'S GO TIME mark in connection with Plaintiff's Services, IT'S GO TIME has come to be identified in the eyes of the trade and the relevant consuming public across the country as identifying Plaintiff's Services.

9. As a result of Plaintiff's excellent reputation, the services offered in connection with the IT'S GO TIME mark are widely recognized as emanating from Plaintiff and are very well received among purchasers of such services.

130983723v1 0964420

10.  The mark IT'S GO TIME is the repository of substantial goodwill and is integral to the high reputation of Plaintiff's business.

11.  The mark IT'S GO TIME is strong, arbitrary and functions as a service mark to designate Plaintiff's Services.  This mark has significant secondary meaning in connection with Plaintiff's Services.

12.  A company affiliated with Plaintiff has been using the GoWeb1 brand in connection with a Reseller Agreement for certain of Defendant's services since May 31, 2006.  The agreement has been with Defendant or an affiliate of Defendant. This agreement with Defendant (or its affiliate) has been renewed annually.  Defendant manages this GoWeb1 account using a Reseller Advisor/Account Manager who, on information and belief, is an employee of Defendant.  The current Reseller Advisor/Account Manager has been assigned to this GoWeb1 account since May 2010. Plaintiff has been sending newsletters that included the IT'S GO TIME mark to Defendant through this employee since October 2011, putting Defendant on actual notice of Plaintiff's use of the mark in connection with Plaintiff's Services.

### DEFENDANT'S INFRINGING ACTIVITIES

13.  On information and belief, prior to September 2013, Defendant had never used the IT'S GO TIME mark.

14.  On or about August 15, 2013, Defendant filed a Federal trademark application for the IT'S GO TIME mark on an intent-to-use basis, App. No. 86/038,961. The application included a number of services identical to or closely related to Plaintiff's Services.

15.  Plaintiff filed a notice of opposition to Defendant's application, Opposition No. 91/220,459 (the "Opposition").  The application and the Opposition are pending.

16.  On information and belief, beginning in about September 2013, Defendant began the widespread use of the mark IT'S GO TIME for a variety of services, including the design, creation, hosting and maintenance of websites for others, parking of domain

names for others, domain name search services, and domain name registration services ("Defendant's Services"). These services significantly overlap the services offered by Plaintiff in connection with its use of the IT'S GO TIME mark.

17. Defendant's widespread and unauthorized use of the IT'S GO TIME mark for Defendant's Services creates a likelihood of confusion, and a reverse likelihood of confusion, among the relevant public seeking Plaintiff's services. Plaintiff seeks, among other things, equitable relief, compensatory damages, punitive damages, and attorneys' fees and costs incurred by reason of Defendant's wrongful conduct.

18. On information and belief, since Defendant first began using the IT'S GO TIME mark, Defendant has widely promoted and used the mark.

19. Plaintiff, through counsel, first notified Defendant of Plaintiff's prior rights and Defendant's infringing conduct by letter dated on or about October 8, 2013. Despite this actual notice, Defendant continued to widely use the mark. On information and belief, Defendant has used the IT'S GO TIME mark on its website, the main platform that its customers see, television commercials, newsletters and other marketing, promotional and sales materials.

20. In addition, Defendant's use of the IT'S GO TIME mark included an advertisement broadcast during the 2014 Super Bowl. This advertisement is still available for viewing by the consuming public on YouTube.com, for example.

21. Plaintiff, through counsel, again notified Defendant of Plaintiff's prior rights and Defendant's infringing conduct by letter dated on or about October 24, 2014. Despite this actual notice, Defendant continued to widely use the mark in the manner described above. In addition, Defendant again caused an advertisement including the IT'S GO TIME mark to be broadcast during the 2015 Super Bowl. This advertisement, and another one that Defendant apparently intended to have broadcast during the 2015 Super Bowl (but pulled due to its highly controversial subject matter), are available to the consuming public on You.Tube.com, for example. The advertisement that Defendant

pulled from airing during the 2015 Super Bowl already has well over one million views on YouTube.com.

22. Given the substantial similarities between the marks and the services offered by each party, Defendant's wrongful and widespread use of the IT'S GO TIME mark is likely to cause confusion among the relevant public. Plaintiff's reputation will be damaged by Defendant's use of the mark, including through Defendant's ill-conceived, unsavory and tasteless advertising.

23. Defendant's wrongful and widespread use of the IT'S GO TIME mark has caused, and will continue to cause, actual confusion among the relevant public. This actual confusion is certainly understandable, and will undoubtedly continue, given the substantial similarities between the marks and the services offered by each party.

24. On information and belief, Defendant's annual revenues exceed over one billion dollars. Defendant, with its vast resources, is well positioned to exploit and trade on the goodwill which Plaintiff has developed in the IT'S GO TIME mark, as well as damage Plaintiff's impeccable reputation. Relevant consumers will come upon Defendant's Services offered in connection with the IT'S GO TIME mark and will likely believe that such services are associated or affiliated with, or endorsed or sponsored by Plaintiff, which they are not. Indeed, viewership estimates of the 2015 Super Bowl during which Defendant broadcast an advertisement exceed 100 million viewers.

25. Indeed, because of the size of Defendant and its marketing efforts, relevant consumers likely will believe that Plaintiff is infringing on Defendant's mark, thus the confusion caused by Defendant's wrongful use of the IT'S GO TIME mark will include reverse confusion.

26. Plaintiff is entitled to protect the goodwill and reputation inherent in its IT'S GO TIME mark under federal and state law. Plaintiff is likewise entitled to exclusive enjoyment of its mark across the United States in connection with its services. Unless Defendant's continued unlawful use of the IT'S GO TIME mark is restrained by

this Court, Plaintiff will suffer substantial irreparable injury for which it has no adequate remedy at law.

## COUNT I

### VIOLATION OF SECTION 43 (A) OF THE LANHAM ACT

27. Plaintiff realleges the allegations contained in paragraphs 1 through 26 as its Paragraph 27.

28. Defendant's unauthorized use of the mark IT'S GO TIME falsely designates the origin of Defendant's Services and tends falsely to represent Defendant as being legitimately connected with Plaintiff.

29. Defendant's unauthorized use of the IT'S GO TIME mark in connection with Defendant's Services has caused, and is likely to cause, confusion, including reverse confusion, among the relevant consuming public as to Plaintiff's association, connection or affiliation with Defendant and its services. By reason of the foregoing, Defendant has violated Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

30. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and, unless Defendant is enjoined by this Court, will continue to suffer substantial irreparable injury for which there is no adequate remedy at law.

## COUNT II

### UNFAIR COMPETITION BY INFRINGEMENT OF PLAINTIFF'S COMMON LAW TRADEMARK RIGHTS

31. Plaintiff realleges the allegations contained in paragraphs 1 through 30 as its Paragraph 31.

32. In view of its first, prominent and exclusive use of the mark IT'S GO TIME in connection with Plaintiff's Services, Plaintiff has acquired, at common law, a protectable interest in its mark.

33. By reason of the confusion and the likelihood of continued confusion, including reverse confusion, engendered by Defendant's use of the mark IT'S GO TIME,

Defendant has infringed, and will continue to infringe upon Plaintiff's rights in its mark. Defendant has persisted in this infringing conduct intentionally and willfully, and with full knowledge of Plaintiff's rights.

34. As a direct and proximate result of Defendant's acts of unfair competition, Plaintiff has suffered and, unless Defendant is enjoined by this Court, will continue to suffer substantial and irreparable injury for which it has no adequate remedy at law.

## COUNT III

### STATE DECEPTIVE TRADE AND BUSINESS PRACTICES

35. Plaintiff realleges the allegations contained in paragraphs 1 through 34 as its Paragraph 35.

36. Defendant's use of the IT'S GO TIME mark constitutes unfair competition and deceptive practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/2 *et seq.*, because the use employs deception, fraud, false pretense, and misrepresentation in the conduct of commerce.

37. On information and belief, Defendant's conduct has been and continues to be willful, deliberate, and in bad faith.

38. By its conduct, Defendant has harmed and deceived the public and inflicted damage and irreparable injury upon Plaintiff for which Plaintiff has no adequate remedy at law, and Defendant will continue to do so unless restrained and enjoined by the Court from further infringing the IT'S GO TIME mark and confusing the public.

39. As a direct and proximate result of Defendant's acts of deceptive trade and business practices, Defendant has caused, and will continue to cause, irreparable injury

and damage to Plaintiff's business, reputation and goodwill. Plaintiff has no adequate remedy at law for this injury.

## COUNT IV

## STATE TRADEMARK INFRINGEMENT

40. Plaintiff realleges the allegations contained in paragraphs 1 through 39 as its Paragraph 40.

41. Defendant's use of the IT'S GO TIME mark in connection with its services constitutes trademark infringement in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/2 *et seq*. and unfair competition under the common law of Illinois because Defendant has used in commerce a mark confusingly similar to Plaintiff's IT'S GO TIME mark in connection with the sale, offering for sale, distribution, and advertising of products and/or services in a manner likely to cause confusion, mistake, and deception as to the source or origin of Defendant's Services, or the affiliation, sponsorship, or other relationship between the parties.

42. On information and belief, Defendant's conduct has been and continues to be willful, deliberate, and in bad faith.

43. By its conduct, Defendant has harmed and deceived the public and has inflicted damage and irreparable injury upon Plaintiff for which Plaintiff has no adequate remedy at law, and Defendant will continue to do so unless restrained and enjoined by this Court from further infringing the Plaintiff's IT'S GO TIME mark and confusing the public.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff The Easy Life, LLC respectfully requests this Court to:

A. Preliminarily and permanently enjoin Defendant, and any person or entity associated with Defendant, from (1) directly or indirectly using the IT'S GO TIME mark or any name or mark confusingly similar thereto; and (2) directly or indirectly using any other name or mark likely to dilute the distinctive quality of Plaintiff's mark or injure its business reputation;

B. Order Defendant to deliver up for destruction or other disposition within thirty days of the entry of judgment all advertising, signage, and all other materials in its actual or constructive possession that violate the terms of any injunction entered herein or which bear any designation in violation thereof;

C. Order Defendant to recall all advertising, signage and all other materials disseminated or made available to the trade or consumers that violate the terms of any injunction entered herein, or bear any designation in violation thereof;

D. Order Defendant to block access in the United States to any of its websites that include the IT'S GO TIME mark;

E. Order Defendant to expressly abandon, with prejudice, its trademark application for the IT'S GO TIME mark, and to not re-file any state or federal trademark application for the mark;

F. Order Defendant to account for all profits derived from its wrongful activities and to turn them over, trebled, to Plaintiff;

G. Order Defendant to pay Plaintiff all of Plaintiff's damages and punitive damages and to disgorge to Plaintiff all of Defendant's profits, trebled, resulting from Defendant's misconduct, including full compensation for the injury to Plaintiff's goodwill and business reputation;

H.       Award Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees; and

I.       Grant such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff The Easy Life, LLC hereby demands a trial by jury of any issue triable of right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: February 3, 2015                    Respectfully submitted,

*Attorneys for The Easy Life, LLC*

s/Mark K. Suri
Mark K. Suri
Kourtney A. Mulcahy
Hinshaw & Culbertson LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
Telephone: 312-704-3000
Facsimile: 312-704-3001
msuri@hinshawlaw.com
kmulcahy@hinshawlaw.com