IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| THE EASY LIFE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15-cv-3031 |
| | ) |
| GODADDY OPERATING | ) |
| COMPANY, LLC, | ) |
| | ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE :

This matter comes before the Court on Defendant GoDaddy Operating Company, LLC's (GoDaddy) Motion to Compel (d/e 14) (Motion). For the reasons set forth below, the Motion is ALLOWED in part.

## BACKGROUND

Plaintiff The Easy Life LLC (Easy Life) brings this action against GoDaddy for allegedly infringing on Easy Life's allegedly trademarked phrase, "It's Go Time."  Easy Life does business as the website GoWeb1.com.  Easy Life alleges that Easy Life and GoDaddy both engage in Internet web design, website hosting and related services.   Easy Life alleges that it began using the phrase "It's Go Time" as a trademark for its

services in 2011.  Easy Life did not seek to register its trademark.  GoDaddy started using the same phrase "It's Go Time" as a marketing phrase in 2013.  GoDaddy has filed an application to register a trademark in "It's Go Time."  Easy Life is opposing the application.  The application is pending.  On February 3, 2015, Easy Life brought this action against GoDaddy for trademark infringement and unfair competition.  See generally Complaint (d/e 1).

During discovery, GoDaddy served a set of interrogatories on Easy Life.  Interrogatory No. 6 asked Easy Life:

> Identify and describe all goods and/or services for which Plaintiff has ever used Plaintiff's Mark, and for each good or service state the date of first use and identify the customers to whom the goods or services have been offered or sold.

Motion, at 3.  In response Easy Life listed a number of Internet related products and services with which Easy Life used "It's Go Time;" stated that the use of "It's Go Time" for all products and services began on October 3, 2011; and identified the customers to whom the products and services were offered for sale as, "all customers."  Motion, Exhibit C, The Easy Life, LLC's Response to Go Daddy Operating Company, LLC's First Set of Interrogatories, at 5-6.  GoDaddy wanted the specific identity of customers in response to Interrogatory No. 6, not just a blanket "all customers."

GoDaddy also served a document request on Easy Life, including the following five requests (collectively Document Requests):

> Request No. 17: All documents relating to the first use of The Easy Life's Mark in each state, municipality or other geographic area in which The Easy Life has used The Easy Life's Mark.
>
> Request No. 18: All documents evidencing each state, municipality or other geographic area in which Plaintiff has used Plaintiff's Mark.
>
> Request No. 38: Documents sufficient to identify the geographic territories in which Plaintiff's Services are sold in connection with Plaintiff's Mark.
>
> Request No. 45: Distribution lists sufficient to identify the recipient of each newsletter distributed by Plaintiff bearing Plaintiff's Mark.
>
> Request No. 48: Documents sufficient to identify all present and former customers of Plaintiff.

Motion, at 3. Easy Life raised the same objection to all of the Document Requests:

> The Easy Life objects to this Request as overbroad, unduly burdensome, vexatious and harassing. The Easy Life further objects to this request because it seeks the production of documents not relevant to this case and is not likely to lead to the discovery of admissible evidence.

Motion, Exhibit C, The Easy Life, LLC's Responses and Objections to Go Daddy Operating Company, LLC's First Set of Requests for Production of Documents and Things, at 8, 12-15. Easy Life did not produce any documents in response to the Document Requests.

Counsel conferred to resolve their differences over Interrogatory No. 6 and the Document Requests without court action, but differences remain.  GoDaddy has filed the Motion to compel full responses to Interrogatory No. 6 and the Document Requests, and in particular, to compel the identification of Easy Life customers.  Easy Life objects to the disclosure of the identity of its customers.

## ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party.  Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1). District courts have broad discretion in matters relating to discovery. See Brown Bey v. United States, 720 F.2d 467, 470-71 (7th Cir.1983); Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, 657 F.2d 890, 902 (7th Cir.1981); see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion).

The Court may, in its discretion, limit the frequency or extent of discovery if: the discovery is unreasonably cumulative or duplicative, or can be secured from a more convenient and less expensive source; the party seeking discovery has had ample opportunity to conduct discovery; or if the burdens of the proposed discovery outweighs the benefits.  Fed. R. Civ. P. 26(b)(2)(C).  The party opposing discovery has the burden of proving that the requested discovery should be disallowed.  <u>Deere v. American Water Works Co., Inc.</u>, 306 F.R.D. 208, 215 (S.D. Ind. 2015); <u>Matter of Ingram Barge Company</u>, 306 F.R.D. 184, 186 (N.D. Ill. 2014).

Easy Life objects to disclosing information about its customers on the grounds that (1) the information is not relevant and (2) the request is "overbroad, unduly burdensome, vexatious and harassing."  The Court addresses each objection below.

1. <u>Relevance</u>

After careful consideration, the Court overrules the relevance objection.  The identity of Easy Life's customers is information that is reasonably calculated to lead to relevant evidence.  Easy Life alleges a common law trademark right to "It's Go Time."  To establish this element of its claim, Easy Life must demonstrate the term "It's Go Time" has a secondary meaning in the relevant market such that consumers in that

market associate the phrase "It's Go Time" with Easy Life's products and services. See e.g., Lopez v. Gap, Inc., 883 F.Supp.2d 400, 414-15 (S.D.N.Y. 2012). Easy Life's customers' perceptions of "It's Go Time" may lead to relevant evidence of the existence of a secondary meaning of the phrase. See FASA Corp. v. Playmates Toys, Inc., 912 F.Supp. 1124, 1149-50 (N.D. Ill. 1996), vacated in part on other grounds, 108 F.3d 140 (7th Cir. 1997) (consumer testimony one type of direct evidence of secondary meaning).

The relevant market is defined, in part, by geographic location. See Hanover Star Milling Co. v. Metcalf, 240 U.S. 403, 415-16 (1916); Brandt Industries, Ltd. v. Pitonyak Machinery Corp., 2012 WL 3777145, at *2 (S.D. Ind. August 29, 2012). The location of Easy Life's customers may be relevant to defining the geographic boundary of the relevant market.

Easy Life's claim of infringement also puts at issue whether GoDaddy's use of "It's Go Time" creates actual confusion in the relevant market. See Board of Regents of University of Wisconsin System v. Phoenix Intern. Software, Inc., 653 F.3d 448, 454 (7th Cir. 2011). Easy Life's customers' experiences may be relevant to proving actual confusion. Autotech Technologies, Ltd. Partnership v. Automationdirect.com, Inc.,

235 F.R.D. 435, 441 (N.D. Ill. 2006).  GoDaddy's request for the identity of Easy Life's customers meets the standard for relevance under Rule 26(b).

Easy Life cites a number of District Court decisions and Trademark Trial and Appeal Board (TTAB) opinions that hold that customer lists are not relevant to trademark infringement and unfair competition claims. See e.g., Foxworthy v. Sun Art Designs, Inc., 42 U.S.P.Q.2d 1317, 1318 (S.D. Fla. 1997); J. Lloyd Intern., Inc. v. Imperial Toy Corp., 2007 WL 2934903 (N.D. Ia. 2007); The J.B. Williams Co. v. Pepsodent G.M.B.H., 188 U.S.P.Q. 577, 580 (TTAB 1975).  Some of these decisions note that Rule 26(b) states that information is relevant if it is reasonably calculated to lead to admissible evidence.  These decisions state that statements from customers would be hearsay, not admissible evidence.  See e.g., Foxworthy, 42 U.S.P.Q.2d at 1318.  Other cases say that issues such as secondary meaning, relevant market, and actual confusion concern the effect of the use of a trademark on the relevant market as a whole.  Therefore, evidence about classes or types of customers or surveys of individuals in the relevant market generally are relevant, but not the individual customers of a party.  See J.B. Williams Co., 188 U.S.P.Q. at 580.

The Court respectfully disagrees with these decisions. Statements from actual customers would not necessarily be hearsay. A party could subpoena the customers to testify at trial. The testimony of a customer about his perception would not be hearsay. In addition, an expert witness may, in appropriate circumstances, base his expert testimony on survey data taken from customers even though the survey data may be hearsay. Fed. R. Evid. 703. The identity of customers could lead to admissible evidence.

Evidence about classes of customers generally may or may not be more probative on some issues, but evidence about actual customers may still be relevant. Both types of evidence may be reasonably calculated to lead to admissible evidence. The federal discovery rules are to be construed broadly and liberally. Herbert v. Lando, 441 U.S. 153, 177 (1979); Jefferys v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D .Pa. 1999). Under this principle, the identity of Easy Life's customers meets the broad standard of relevance for purposes of discovery. The relevance objection is overruled.

2. Undue Burden, Vexation, and Harassment

The Court allows the objections of undue burden, vexation, and harassment in part. The risk of a burden on Easy Life and its customers is

real and significant. A customer contacted by GoDaddy will incur costs to respond to GoDaddy's inquiry. The costs may range from less than a minute to answer a phone call, to several hours to sit for an interview, to a day or more to testify at a deposition, to additional days to testify at trial. Subpoenaed customers may need to hire an attorney to represent them at depositions or at trial. These costs are real, and customers may take their business elsewhere just to avoid any involvement in this litigation.

Easy Life, however, brought this action. It alleges a common law trade mark in a relevant market; it alleges infringement; it alleges actual confusion. GoDaddy is allowed to use discovery to probe the relevant information on these issues. Easy Life speculates that GoDaddy wants to tortiously interfere with Easy Life's business relationship with its customers. See Motion, at 7-8. Easy Life presents no evidence to support this speculation. Under these circumstances, the correct solution is an appropriate protective order limiting the use of the customer identities rather than a complete ban. See Autotech, 235 F.R.D. at 440-41; Tory Burch LLC v. Creative Eyewear, Inc., 2013 WL 129451, at *1 (S.D. N.Y. April 1, 2013); Asch/Grossbardt Inc. v. Asher Jewelry Co., Inc., 2003 WL 660833, at *2-*3 (S.D. N.Y. February 28, 2003).

The Court recognizes that Easy Life's position is supported by contrary persuasive authority. See e.g., Sunkist Growers, Inc. v. Benjamin Ansehl Company, 229 U.S.P.Q. 147, 149 (TTAB 1985) (customer lists not required to be produced because of the risk of harassment). The Court has carefully considered the matter and is convinced that the reasoning reflected in the Autotech and Asch/Grossbardt decisions is more persuasive. The liberal principles of discovery of the truth outweigh the speculative fear of harassment. The appropriate balance of these considerations is production under an appropriate protective order.

The Court orders Easy Life to answer Interrogatory No. 6 fully and to produce the documents responsive to the Document Requests (collectively the Compelled Responses) by October 5, 2015. The Compelled Responses shall be treated as Highly Confidential under the Stipulation and Protective Order (d/e 10-1) adopted by this Court pursuant to Text Order entered May 6, 2015.

THEREFORE, Defendant GoDaddy Operating Company, LLC's Motion to Compel (d/e 14) is ALLOWED in part.

ENTER: August 7, 2015

*s/ Tom Schanzle-Haskins*
UNITED STATES MAGISTRATE JUDGE